## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

BARRY M. WHITE,

             Plaintiff,

     v.

CAMDEN COUNTY JAIL,

             Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-07108 (JBS-AMD)

**OPINION**

APPEARANCES:

Barry M. White, Plaintiff Pro Se
130 M.L.K. Blvd., Apt. 801
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Barry M. White seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.     For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.     To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.     Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. As the CCJ is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

6.   Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.   Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement in 1998, 2012, 2014, and 2015. Complaint § III. The fact section of the complaint states: "Slept on the floor with other men had to urinate over my head." *Id.* He also alleges that there were four men in the cell and he slept with his head near the toilet. *Id.* § II. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man,

one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538
F.3d 229, 233 (3d Cir. 2008) (noting due process analysis
requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the dates and length of
the confinement(s), whether Plaintiff was a pretrial detainee or
convicted prisoner, etc.

9.   As Plaintiff may be able to amend his complaint to
address the deficiencies noted by the Court,[1] the Court shall

---

[1] To the extent the complaint seeks relief for conditions
Plaintiff encountered during confinements ending prior to
October 13, 2014, those claims are barred by the statute of
limitations. Claims brought under § 1983 are governed by New
Jersey's two-year limitations period for personal injury. *See
Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State
Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a
cause of action accrues when the plaintiff knew or should have
known of the injury upon which the action is based." *Montanez v.
Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).
Plaintiff alleges he was incarcerated in the CCJ in 1998, 2012,
2014, and 2015. Complaint § III. The allegedly unconstitutional
conditions of confinement at CCJ would have been immediately
apparent to Plaintiff at the time of his detention; therefore,
the statute of limitations for Plaintiff's 1998, 2012, and 2014
claims expired in 2000, 2014, and sometime in 2014,

grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

10.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[2] *Id.*

11.   For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

respectively. In the event Plaintiff elects to file an amended complaint, he should focus on facts that occurred during periods of confinement that took place on or subsequent to October 13, 2014, if any, and the facts of his 2015 confinement.
[2] The amended complaint shall be subject to screening prior to service.

12.  An appropriate order follows.


**February 21, 2017**                **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge